Slip Op. 11-43

# UNITED STATES COURT OF INTERNATIONAL TRADE

```
-------------------------------------------------x
                                                  :
NSK CORPORATION, et al.,                          :
                                                  :
            Plaintiffs,                           :
                                                  :
            and                                   :
                                                  :
FAG ITALIA S.p.A., et al.,                        :
                                                  :
            Plaintiff-Intervenors,                :
                                                  :
            v.                                    :   Before: Judith M. Barzilay, Judge
                                                  :   Consol. Court No. 06-00334
UNITED STATES,                                    :
                                                  :
            Defendant,                            :
                                                  :
            and                                   :
                                                  :
THE TIMKEN COMPANY,                               :
                                                  :
            Defendant-Intervenor.                 :
                                                  :
-------------------------------------------------x
```

**OPINION**

[The court sustains the fourth remand determination of the U.S. International Trade Commission.]

Dated: April 20, 2011

*Crowell & Moring LLP* (*Matthew P. Jaffe*, *Robert A. Lipstein*, and *Carrie F. Fletcher*), for Plaintiffs NSK Corporation, NSK Ltd., and NSK Europe Ltd.

*Sidley Austin LLP* (*Neil R. Ellis* and *Jill Caiazzo*), for Plaintiffs JTEKT Corporation and Koyo Corporation of U.S.A.

*Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt, LLP* (*Max F. Schutzman* and *Andrew T. Schutz*), for Plaintiff-Intervenors FAG Italia S.p.A., Schaeffler Group USA, Inc., Schaeffler KG, The Barden Corporation (U.K.) Ltd., and The Barden Corporation.

*Steptoe & Johnson* (*Herbert C. Shelley* and *Alice A. Kipel*), for Plaintiff-Intervenors SKF Aeroengine Bearings UK and SKF USA, Inc.

*United States International Trade Commission*, *James M. Lyons* (General Counsel), *Neal J. Reynolds* (Assistant General Counsel for Litigation), and *David A.J. Goldfine*, Office of the General Counsel, for Defendant United States.

*Stewart and Stewart* (*Terence P. Stewart, Eric P. Salonen, Elizabeth A. Argenti*, and *Philip A. Butler*), for Defendant-Intervenor The Timken Company.

BARZILAY, Judge: With the lion's share of issues resolved in five earlier opinions, the U.S. International Trade Commission's ("the Commission") second sunset review of antidumping duty orders covering ball bearings from France, Germany, Italy, and Japan now pays the court a final visit before it assuredly heads to the Federal Circuit.[1] *Views of the Commission on Remand*, Inv. Nos. 731-TA-394-A, 731-TA-399-A (Mar. 1, 2011) ("*Fourth Remand Determination*"). In the latest remand results, the agency found that subject imports would likely not have a significant adverse impact or cause injury to the domestic industry in the absence of the antidumping duty orders.[2] *Fourth Remand Determination* at 15-17. Although the

---

[1] The court presumes familiarity with the procedural history of the case. *See NSK Corp. v. United States*, Slip Op. 10-133, 2010 WL 5017145 (CIT Dec. 9, 2010) ("*NSK V*") (affirming in part and reminding in part third remand determination); *NSK Corp. v. United States*, 34 CIT ___, 712 F. Supp. 2d 1356 (2010) ("*NSK IV*") (affirming in part and remanding in part second remand determination); *NSK Corp. v. United States*, 33 CIT ___, 637 F. Supp. 2d 1311 (2009) ("*NSK III*") (remanding first remand determination for agency's failure to provide substantial evidence and failure to comply with court's remand instructions); *NSK Corp. v. United States*, 32 CIT ___, 593 F. Supp. 2d 1355 (2008) ("*NSK II*") (denying motion for rehearing); *NSK Corp. v. United States*, 32 CIT ___, 577 F. Supp. 2d 1322 (2008) ("*NSK I*") (affirming in part and remanding in part second sunset review).

[2] In *NSK V*, the court did not believe "that the existing record, taken as a whole" could support an affirmative determination on these remaining questions and, consequently, invited the Commission to reopen the record at its discretion. 2010 WL 5017145 at *6. Although the

**Consol. Court No. 06-00334**                                                                                     Page 3

Commission continues to mischaracterize the court's remand instructions and to mistakenly insist that the court compelled this result, *see infra* p. 4 and note 4, the court nevertheless sustains the agency's findings for the reasons below.

### I. Standard of Review

The Court will hold as unlawful any Commission determination "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

### II. Discussion

In the final two pages of the *Fourth Remand Determination*, after providing a thorough procedural history and stating its intention not to reopen the record,[3] the Commission reasoned

---

agency reopened the record after the first remand proceeding to collect additional data on non-subject imports, *Fourth Remand Determination* at 14 n.59, the agency declined to do so this time, stating that the existing record supported its affirmative findings on these issues. *Id.* at 15-16; *see* Status Report and J. Scheduling Order at 2, *NSK Corp. v. United States*, No. 06-00334 (CIT filed Dec. 20, 2010). The court interprets this decision as a finding by the Commission that reopening the record would cause no significant change to the relevant body of evidence.

[3] The Commission contends that the court, on several previously resolved issues, did not specifically identify deficiencies with the record or suggest data that the agency might seek to collect on remand. *See, e.g.*, *Fourth Remand Determination* at 9 n.39, 14. However, the court's previous opinions belies the Commission's claim. *See, e.g.*, *NSK V*, 2010 WL 5017145, at *6 ("[T]he Commission must account for the tripartite nature of the United States ball bearing market and decide whether the interplay and competition between subject imports, non-subject imports, and domestic ball bearings would prevent subject imports from achieving the requisite level of impact."); *NSK IV*, 34 CIT at ___, 712 F. Supp. 2d at 1368 ("[T]he Commission must demonstrate that some incentive likely would draw a discernible amount of the subject United Kingdom goods specifically to the United States market in the absence of the order."). Moreover, the court did not merely "disagree[]" with the agency's previous determinations, as the Commission suggests. *Fourth Remand Determination* at 14. Rather, the court asked the agency to point to particular data in the record and rationally connect it to the underlying determinations, an instruction within the purview of permissible judicial review. *See Matsushita Elec. Indus. Co. v. United States*, 750 F.2d 927, 933 (Fed. Cir. 1984).

that subject imports from Japan "are not likely to have a significant [adverse] impact on the industry upon revocation." *Fourth Remand Determination* at 16. The agency in turn found that subject imports from Japan likely will not "lead to continuation or recurrence of material injury to a domestic industry" absent the orders. *Id.* at 17. As a result, the Commission could not offer substantial evidence to warrant the continued application of antidumping duties on imports of the subject merchandise from Japan.[4]

    The remaining parties supplied numerous comments on the Commission's *Fourth Remand Determination*. Plaintiffs NSK Corporation, NSK Ltd., and NSK Europe Ltd. ("NSK") urge the court to sustain the agency finding and to order Defendant to revoke the antidumping duty orders on ball bearings from Japan and the United Kingdom, and terminate the collection of antidumping duty cash deposits on those imports. NSK Comments 2-11. Plaintiffs JTEKT Corporation and Koyo Corporation of U.S.A. (together, "JTEKT") echo these sentiments. JTEKT Comments 5-10. Another group of comments, filed by Plaintiff-Intervenors FAG Italia S.p.A., Schaeffler Group USA, Inc., Schaeffler KG, The Barden Corporation (U.K.) Ltd., and the Barden Corporation ("Schaeffler") and Plaintiff-Intervenors SKF USA Inc. and SKF Aeorengine Bearings UK ("SKF"), advance the following claims: ambiguous language in NSK's complaints

---

[4] The Commission makes clear that it would not have made these findings but for the court's conclusion in *NSK V* that the record taken as a whole "cannot establish that the cumulated subject imports from France, Germany, Italy, and Japan would have a significant adverse impact on the domestic bearings industry in the event of revocation of the orders." *Fourth Remand Determination* at 17; *accord NSK V*, 2010 WL 5017145, at *6-7. The agency alleges that the court "compelled" it to reach these conclusions and that it had "no alternative." *Fourth Remand Determination* at 2, 17. However, the court did not direct the agency to reach such a conclusion and, in fact, highlighted the Commission's inherent discretion to reopen the record and reach a different result. *NSK V*, 2010 WL 5017145, at *6-7.

unambiguously demonstrates that the antidumping duty orders on ball bearings from France, Germany, and Italy remain subject to review in this proceeding; the Commission must reconsider its injury determinations for those orders; and that, by declining to de-cumulate Japanese imports from other ball bearings, the agency made a single injury determination applicable to the remaining antidumping duty orders on imports from France, Germany, and Italy.[5]  Schaeffler Comments 2-11; SKF Comments 4-11.  Finally, Defendant-Intervenor The Timken Company ("Timken") points to a bevy of record evidence on non-subject imports and effectively asks the court impermissibly to step into the shoes of the Commission and re-weigh the facts on its own accord, cure certain substantial evidence defects by judicial fiat, and remand the proceeding anew so that the agency may enter an affirmative injury determination.  *Compare* Timken Comments 4-28, *with Nippon Steel Corp. v. Int'l Trade Comm'n*, 345 F.3d 1379, 1381 (Fed. Cir. 2003) ("[O]nly the Commission may find the facts and determine causation and ultimately material injury.").

      The court sustains the Commission's determination.  That the court may have limited the Commission's options on remand is of no moment; "[e]ven though a reviewing court's decision that substantial evidence does not support a particular finding may have the practical effect of

---

[5] With these arguments, Schaeffler and SKF once again attempt to inject legal issues related to ball bearings from France, Germany, and Italy into the proceeding.  The court previously declined to enlarge the litigation to cover these questions, *NSK Corp. v. United States*, 32 CIT ___, ___, 547 F. Supp. 2d 1312, 1320 (2008) (noting that case limited to imports from Japan and United Kingdom), and because the deadline to file a request to revisit these issues expired long ago, USCIT R. 59(b), the court will not rehear these claims at this late stage of the proceeding.  Finally, despite assertions to the contrary, the court previously has affirmed the Commission's practice of treating an injury determination based on cumulated imports as an independent, country-specific determination.  *See, e.g.*, *Gerald Metals, Inc. v. United States*, 22 CIT 1009, 1027, 27 F. Supp. 2d 1351, 1366 (1998).

dictating a particular outcome, that is not the same as the court's making its own factual finding."
*Nucor Corp. v. United States*, 371 F. App'x 83, 90 (Fed. Cir. 2010) (unpublished); *accord*
*Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1359 (Fed. Cir. 2006); *Atl. Sugar, Ltd.*, 744
F.2d at 1561. Because the record presently constituted does not support an affirmative finding of material injury or causation and the Commission has declined to reopen the record, the court upholds the agency's negative conclusions with respect to imports of the subject merchandise from Japan.

Finally, the court declines to grant NSK and JTEKT's request for relief at this time. To succeed in their claim, NSK and JTEKT would need to prove the following four factors: "(1) the threat of immediate irreparable harm; (2) the likelihood of success on the merits; (3) [that] the public interest would be better served by the relief requested; and (4) [that] the balance of hardship on all the parties favors plaintiffs." *GPX Int'l Tire Corp. v. United States*, 32 CIT ___, ___, 587 F. Supp. 2d 1278, 1284 (2008) (citation omitted). NSK and JTEKT do not discuss, let alone satisfy, these conditions in their comments. *See generally* NSK Comments; JTEKT Comments. Moreover, Defendant has made clear that it intends to appeal the court's decision and, given the unique facts and complex legal issues in this case, the court likely would grant a request by the Government to stay pending appeal the portion of the requested judgment that would require the revocation of the orders and the cessation of the collection of duties.

### III.  Conclusion

For the foregoing reasons, the court hereby

**ORDERS** that the Commission's negative determinations on likely significant adverse impact and causation are **SUSTAINED**; and further

**ORDERS** that the agency's administrative conclusions in the *Fourth Remand Determination* are **SUSTAINED**.

The court shall enter judgment accordingly.


Dated:  April 20, 2011                                                                        /s/ Judith M. Barzilay
        New York, New York                                                               Judith M. Barzilay, Judge

Slip Op. 11-43

## UNITED STATES COURT OF INTERNATIONAL TRADE

---------------------------------------------------------x
:
NSK CORPORATION, *et al.*,             :
:
      Plaintiffs,                          :
:
    and                                 :
:
FAG ITALIA S.p.A., *et al.*,                :
:
      Plaintiff-Intervenors,              :
:
      v.                                  :    **Before: Judith M. Barzilay, Judge**
:    **Consol. Court No. 06-00334**
UNITED STATES,                            :
:
      Defendant,                          :
:
    and                                 :
:
THE TIMKEN COMPANY,                       :
:
      Defendant-Intervenor.               :
:
---------------------------------------------------------x

## JUDGMENT

Upon consideration of the U.S. International Trade Commission's *Views of the Commission on Remand*, Inv. Nos. 731-TA-394-A, 731-TA-399-A (Mar. 1, 2011), the comments filed by the parties, the record evidence in the second sunset review of the subject antidumping duty order, the court's opinions in this proceeding on September 9, 2008; December 29, 2008; August 31, 2009; April 12, 2010; December 9, 2010; and April 20, 2011, and all other papers

**Consol. Court No. 06-00334** **Page 2**

filed in this matter, the court hereby holds that the U.S. International Trade Commission's conclusions in the fourth remand determination are **SUSTAINED**; that the agency's administrative findings for the second sunset review of the antidumping duty order covering the subject merchandise are **SUSTAINED**; and that this case is **DISMISSED**.

Dated:  April 20, 2011                                                                /s/ Judith M. Barzilay
            New York, New York                                                    Judith M. Barzilay, Judge